## KROMAT *v.* VESTEVICH

TRIAL—PRETRIAL STATEMENT—FAILURE TO COMPLY—DISMISSAL.
Dismissal of plaintiff's action for failure to comply with court's pretrial statement *held,* proper since a pretrial statement when signed by the judge is an order of the court (GCR 1963, 504.2).

Appeal from Macomb, Gallagher (Edward J.), J. Submitted Division 2 November 14, 1968, at Lansing. (Docket No. 4,852.)   Decided November 26, 1968.

Complaint by Mary Bowen Kromat against Peter Vestevich, Charles W. Curtis, and Alfred Platz, to recover for personal injuries resulting from an automobile accident.   Action dismissed without prejudice. Plaintiff appeals.   Affirmed.

*Frederick J. Prost,* for plaintiff on appeal.

*Davidson, Gotshall, Halsey, Kohl, Nelson, Secrest & Wardle,* for defendants.

PER CURIAM.   Plaintiff's cause of action was dismissed without prejudice for failure to comply with the court's pretrial statement.

The court's pretrial summary is an important document and as provided in GCR 1963, 301.3, "The summary of results controls the subsequent course of

REFERENCE FOR POINTS IN HEADNOTE
53 Am Jur, Trial § 8 *et seq.*
37 Am Jur, Motions, Rules and Orders § 35.

the action unless modified at or before trial to prevent manifest injustice."

GCR 1963, 504.2 states, "For failure of the plaintiff to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against him."

To have any effectiveness in the orderly process of litigation, a pretrial statement, when signed by the judge, must be considered an order of the court. The judge did not abuse his discretion in granting the motion.

Affirmed.   Costs to defendants.

FITZGERALD, P. J., and R. B. BURNS and ROBINSON, JJ., concurred.